# Court of Appeals
# of the State of Georgia

ATLANTA,    March 18, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1028. GRANGE PROPERTY AND CASUALTY INSURANCE COMPANY v. PAUL TRAVIS BURNEY et al.**

Grange Property and Casualty Insurance Company filed a petition for declaratory judgment, arguing it was not obligated to provide coverage in an underlying personal injury action in which it was served as the uninsured/underinsured insurance carrier. Grange asserted that the automobile insurance policy had been cancelled and that the vehicle involved in the collision was not covered under the policy. On May 23, 2013, the trial court issued a declaratory judgment, specifically finding "no reason to reduce or void the obligation of [Grange's] duties or Respondents' rights under the Policy." The trial court ordered that Grange "is obligated to provide all coverage due under [the] Policy to Respondents" in the underlying matter. Grange did not appeal this ruling. Approximately three months later, on August 14, 2013, Grange filed a motion for summary judgment in the declaratory judgment action, arguing that the policy had been cancelled prior to the motor vehicle collision at issue in the underlying personal injury action. On December 4, 2013, the trial court ordered as follows: "[T]his Court's *Declaratory Judgment*, entered into the record on the 23rd of May, 2013, resolved all matters at issue in this action. This case was closed upon the execution of said *Declaratory Judgment*, and Petitioner's above-referenced motion is therefore null and void." Grange seeks to appeal this ruling. We, however, find this issue to be moot.

An appeal of an issue that has become moot is subject to dismissal. See OCGA § 5-6-48 (b)(3). And a moot issue is one where a ruling is sought on a matter that has

no practical effect on the alleged controversy or where the issues have ceased to exist. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Here, the declaratory judgment claim had been resolved and the case had been closed prior to Grange's filing of its motion for summary judgment. Thus, any ruling on the summary judgment motion would have no practical effect. Under these circumstances, the appeal is moot, and it is therefore DISMISSED. See OCGA § 5-6-48 (b) (3).



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 03/18/2014
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*